UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| QUENTIN WELLS | ) | |
| | ) | |
| Plaintiffs, | ) | 06 C 6284 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| BRIAN JOHNSON, RICHARD SULLIVAN, and CITY | ) | |
| OF CHICAGO | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

After a four-day trial, the jury returned a defense verdict and the court entered judgment.

Docs. 102, 103. Pursuant to Federal Rule of Civil Procedure 54(d)(1), Defendants submitted a

bill of costs, which seeks $3825.66. Doc. 106. Plaintiff Quentin Wells was given an opportunity

to file a response, Doc. 108, but elected not to do so. Although Wells does not object to the bill

of costs, the court still must determine whether the costs sought by Defendants are allowable

and, if so, whether they are reasonable and necessary. *See Deimer v. Cincinnati Sub-Zero*

*Prods., Inc.*, 58 F.3d 341, 345 (7th Cir. 1995); *Soler v. White*, 989 F.2d 251, 255 (7th Cir. 1993);

*Berry v. Chi. Transit Auth.*, 2011 WL 947073, at *1 (N.D. Ill. Mar. 15, 2011); *Denson v. Ne. Ill.*

*Reg'l Commuter R.R. Corp.*, 2003 WL 21506946, at *2 (N.D. Ill. June 27, 2003).

Defendants seek copying costs ($264.16), subpoena costs ($728.50), deposition and court

transcript costs ($2286), and records costs ($547). Doc. 106-1. Each category of costs is

allowable. *See* 28 U.S.C. §§ 1920(2) ("[f]ees for printed or electronically recorded transcripts

necessarily obtained for use in the case"), 1920(3) ("[f]ees and disbursements for printing and

witnesses"), 1920(4) ("[f]ees for exemplification and the costs of making copies of any materials

where the copies are necessarily obtained for use in the case"). The only question is whether the costs were necessary and reasonable in this case. Defendants generally aver that the costs were necessarily incurred. Doc. 106. Having reviewed the itemized costs, Docs. 106-1, 106-2, and having presided over the trial, the court disallows some of the costs.

*Copying Costs*. Defendants made copies of many documents filed on the docket. Doc. 106-1 at 3-8. However, only copies of "materials actually prepared for use in presenting evidence to the court" are necessarily incurred. *Perry v. City of Chicago*, 2011 WL 612342, at *2 (N.D. Ill. Feb. 15, 2011) (citing *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990)) (internal quotation marks omitted). That includes "copies attributable to discovery and copies of pleadings, motions, and memoranda submitted to the court, not copies made solely for the convenience of counsel." *Ibid*. (internal quotation marks omitted). The only filed documents that were necessarily copied were those for which Local Rule 5.2(f) required a courtesy copy to the judge. *See McIlveen*, 910 F.2d at 1584 ("we agree with the district court that the $27.90 spent to copy court filings was not recoverable," as § 1920(4) "does not encompass [a party's] copying of court filings for its own use"); *Perry*, 2011 WL 612342, at *2 (costs of courtesy copies are necessarily incurred). For those courtesy copies, Defendants paid $0.15 per page, which is reasonable. *See Perry*, 2011 WL 612342, at *2. The costs of copying other court filings are disallowed.

Defendants also list $210.16 of copying costs for "Black & White Copies." Doc. 106-1 at 14. Because Defendants do not state how many copies were made, the court is unable to determine the reasonableness of those costs. Accordingly, those costs are disallowed. After removing the costs of unnecessarily copied court filings and of the unspecified "Black & White Copies," Defendants are entitled to $19.35 in copying costs.

*Subpoena Costs*.  Defendants list five "subpoena fees" ranging from $40 to $45.  Doc. 106-1 at 9.  The three fees paid to the Cook County State's Attorney's Office, the Illinois State Police Forensic Science Center, and Werner Enterprises, Inc. appear to be costs for records subpoenas.  Those costs are reasonable.  *See Dishman v. Cleary*, 279 F.R.D. 460, 467 (N.D. Ill. 2012) (record subpoena costs of $40-$45 are reasonable).  The remaining two "subpoena fees" appear to be witness advance fees paid to Porscher Ellerbe and Margaret O'Sullivan.  Those costs are allowed because witnesses must be paid $40 per day plus reasonable travel.  *See* 28 U.S.C. § 1821(b); *Dishman*, 279 F.R.D. at 466; *Perry*, 2011 WL 612342, at *3.

Defendants also list five "subpoena service fees," four for Porscher Ellerbe and one for Christina Golden. Doc. 106-1 at 10.  Fees charged for serving subpoenas "may not exceed the rate charged by the Marshal Service, … which currently is $55.00 per hour or portion thereof" plus travel costs.  *Serwatka v. City of Chicago*, 2011 WL 2038725, at *2 (N.D. Ill. May 24, 2011) (citing *Collins v. Gorman*, 96 F.3d 1057, 1059-60 (7th Cir. 1996), and 28 C.F.R. § 0.114(a)(3)); *see also Dishman*, 279 F.R.D. at 466; *Perry*, 2011 WL 612342, at *3. Defendants do not state how long it took to serve those subpoenas, so costs will be limited to the minimum charge of one hour plus the listed travel costs.  *See Serwatka*, 2011 WL 2038725, at *3; *Perry*, 2011 WL 612342, at *3.  Defendants' itemization of the subpoena service fees also includes a "check amount" of $43 to Porscher Ellerbe and $45 to Christina Golden.  These amounts appear to be witness advances, which as previously mentioned are allowed; however, because Defendants counted the advance fee paid to Ellerbe elsewhere, that amount will not be counted again.  In total, Defendants are awarded $565.50 in subpoena costs.

*Transcript Costs*.  The local rules provide that "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United

States ... in effect at the time the transcript or deposition was filed[,] unless some other rate was previously provided for by order of court." N.D. Ill. L.R. 54.1(b). The applicable rate is $3.65 per page, inclusive of the reporter's appearance fee. *See Nicholson v. Allstate Ins. Co.*, 2012 WL 1192077, at *1 (N.D. Ill. Apr. 10, 2012); *Serwatka*, 2011 WL 2038725, at *1; *Fletcher v. Chi. Rail Link, LLC*, 2007 WL 4557816, at *1 (N.D. Ill. Dec. 20, 2007); *Higbee v. Sentry Ins. Co.*, 2004 WL 1323633, at *2 (N.D. Ill. June 11, 2004). However, the reporter's appearance fee is recoverable if the witness does not appear and no pages are transcribed. *See Dishman*, 279 F.R.D. at 469; *Perry*, 2011 WL 612342, at *4. In line with those rules, the following transcript costs are recoverable:

- Brian Johnson Deposition: 154 pages at $0.90/page = $138.60

- Porscher Ellerbe Deposition: 121 pages at $3.65/page = $441.65

- Quentin Wells Deposition: 155 pages at $3.65/page = $565.75

- Richard Sullivan Deposition: 110 pages at $3.65/page = $401.50

- State Criminal Court Transcripts: 5 pages at $3.60/page = $18.00

- Porscher Ellerbe No Show: $60.00 appearance fee

- Shannon Wells No Show: $60.00 appearance fee

- Christy Golden No Show: $60.00 appearance fee

Defendants also seek $264 for a video deposition of Porscher Ellerbe for which Ellerbe did not appear. Doc. 106-1 at 14; Doc. 106-2 at 14. A video deposition of Ellerbe was reasonably necessary, given the parties' uncertainty as to whether she would appear to testify at trial. *See Specht v. Google Inc.*, 2011 WL 2565666, at *2 (N.D. Ill. June 27, 2011); *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 976-77 (N.D. Ill. 2010); *see also Little v. Mitsubishi Motors N.A., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008) ("the costs of both

video-recording and stenographic transcription [may] be taxed to the losing party"). The only question is whether the $264 appearance fee for a no-show video deposition is reasonable. As mentioned above, an appearance fee is recoverable when the witness does not appear for a deposition. Because a video deposition requires both a court reporter and a videographer, and the videographer's equipment, the court finds that $264 is reasonable. In total, Defendants are awarded $2009.50 for deposition and court transcript costs.

*Records Costs.* Defendants seek to recoup $547 in costs to obtain medical records, records from Wells's criminal attorney, and criminal court records. Doc. 106-1 at 13. These are allowed in full. *See Perry*, 2011 WL 612342, at *5-6.

With the foregoing adjustments, Defendants are awarded costs in the amount of $3141.35.

August 6, 2012

United States District Judge
Gary Feinerman